GERALDINE WILLIAMS v. MOLDED ELECTRONICS, INC., AND ANOTHER.

233 N. W. 2d 895.

October 3, 1975—No. 45411.

*Cousineau, McGuire, Shaughnessy & Anderson* and *Robert J. McGuire,* for relators.

*C. Douglas Allert* and *O. C. Adamson II,* for respondents.

PER CURIAM.

Writ of certiorari upon the relation of the employer and insurer to review a decision of the Workmen's Compensation Commission granting compensation to employee. The key issues raised by the appeal are (1) whether there is substantial evidence in the record to support one

---

of the commission's findings, specifically, that employee was disabled totally from March 12, 1973, to the date of the hearing; and (2) whether the commission erred in not deducting from the award any unemployment compensation payments employee received during the period for which the commission awarded disability benefits. We affirm.

On June 27, 1969, while working as an inspector for employer, Molded Electronics, Inc., employee slipped on a cleaning substance and fell to the floor, landing upon her tailbone and her hands. The record indicates that she immediately felt dizzy and nauseated. From the beginning, objective medical diagnostic tests were generally negative but employee experienced considerable pain, primarily severe headaches at first and back pain later.

There is medical testimony indicating that these headaches and back pains may be the result of a neurotic reaction to the accident but that the accident was a substantial contributing cause of this reaction. Apparently because of this evidence, employer and insurer on appeal do not contend that employee should not have received any workmen's compensation. Rather, they contend that employee's temporary total disablity ceased in the summer of 1972 when she began working in a clerical position with Riverlane Enterprises, and that when she quit this job on March 12, 1973, because her paychecks were "bouncing," she did not become temporarily totally disabled again.

In interpreting the statutory definition of total disability, which is incapacitation that prevents working at an occupation which brings employee an income, Minn. St. 176.101, subd. 5, this court has formulated the rule that "a person is totally disabled if his physical condition, in combination with his age, training, and experience, and the type of work available in his community, causes him to be unable to secure anything more than sporadic employment resulting in an insubstantial income." Schulte v. C. H. Peterson Const. Co. 278 Minn. 79, 83, 153 N. W. 2d 130, 133 (1967).

The undisputed medical evidence was that employee is able to work if she can find a job like the one she had at Riverlane. Employee testified that she has looked diligently for such a job but has not been able to secure one.

Although employee in her brief to the commission directed the commission's attention to her testimony that she had made an effort to find work, the commission made no specific finding relating to this. However, we believe that such a finding is implicit in the finding of total disability for the period in question, and since it is supported by employee's testimony, we must affirm.

Employer's second main contention on appeal is that certain unemployment compensation benefits, which employee received after she terminated her employment with Riverlane, should be credited against the award. We believe the appropriate procedure is for the Department of Employment Services to take steps to recover the unemployment compensation.

The Workmen's Compensation Act makes no mention of crediting unemployment compensation received. However, Minn. St. 268.08, subd. 3, which deals with eligibility for unemployment compensation benefits, provides as follows:

"An individual shall not be eligible to receive benefits for any week with respect to which he is receiving, has received, or has filed a claim for remuneration in an amount equal to or in excess of his weekly benefit amount in the form of

\* \* \* \* \*

(3) compensation for loss of wages under the workmen's compensation law of this state \* \* \*."

Section 268.18 requires the Department of Employment Services to take steps to recover erroneously paid benefits.

In other words, employer-insurer should not benefit from the fact that employee has received unemployment compensation benefits. Rather, the state should "benefit" by getting back benefits erroneously paid.

Respondent is allowed $350 attorneys fees on this appeal.

Affirmed.